SAVOIE, Judge.
This court issued, ex proprio motu, an order to show cause why this appeal should not be dismissed because the judgment herein is not appealable. Undoubtedly, the show cause order was issued because the offense is not triable by jury and, therefore, not appealable to this court.[1]
Defendant, Douglas C. Howland, was charged with disturbing the peace in violation of Baker City Ordinances 14-18 and 14-19(2), (5), and (7). After trial in the Baker City Court, the trial judge found him guilty as charged. Defendant was sentenced to a fine of $100.00, with $50.00 suspended, and court costs of $27.50, for a total of $77.50. He was placed on inactive probation for a period of 90 days, with the condition that he have no further violations during probation.
Defendant filed a written motion for appeal and a prepared order of appeal for the trial judge’s signature, all in one document. The court to which the appeal was being taken was not indicated thereon.[2] The record was eventually lodged with this court.
Under L.S.A.-R.S. 13:1896B, the appeal of this matter properly lies in district court because the offense was not tried under a state statute.
However, under the provisions of La.R.S. 13:4441[3], this court is authorized to transfer this matter to the court of proper jurisdiction. Accordingly, this matter is transferred to the Nineteenth Judicial District Court for assignment therein in accordance with the district court rules thereof.
For the above and foregoing reasons, the motion to dismiss is denied. The matter is transferred to the Nineteenth Judicial District Court.
MOTION DENIED; MATTER TRANSFERRED TO THE NINETEENTH JUDICIAL DISTRICT COURT, PARISH OF EAST BATON ROUGE, STATE OF LOUISIANA.

. See State v. Ritter, 428 So.2d 964 (La.App. 1st Cir.1983).

. We note that the return date was over 30 days after the appeal order, which is not proper for an appeal to district court. See R.S. 13:1896 C.

. La.R.S. 13:4441 reads as follows:
“When an appeal is taken and perfected to an appellate court having no jurisdiction thereof, the court to which it is taken may transfer it to the court having jurisdiction thereof, instead of dismissing the appeal. The appellate court to which the appeal is transferred shall proceed as if the appeal had been taken to it originally.
"If an appeal is transferred erroneously to the supreme court, the latter shall retransfer it to the court having appellate jurisdiction thereof. If an appeal is transferred by a district court erroneously to a court of appeal, the latter shall retransfer it to the district court to which it was taken originally, or to the supreme court if the latter has jurisdiction thereof.
"This section applies to appeals in all cases, civil or criminal, to appeals over which a court of appeal has jurisdiction but which has been taken to the wrong court of appeal, and to all courts having appellate jurisdiction. As amended Acts 1960, No. 38, § 1.”